ANGLO-FLORIDA PHOSPHATE CO. v. McKIBBEN.

(Circuit Court of Appeals, Fifth Circuit. November 27, 1894.)

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—SUPPLEMENTAL OR ANCILLARY BILLS.

M., a citizen of Florida, brought suit in the U. S. circuit court against S. and G., citizens of Georgia and Illinois, respectively, to establish a partnership with S. in buying and selling lands, in which suit a decree was entered in his favor, adjudging him a partner, and entitled to one-half the lands and the profits of the partnership. M. then filed a bill, which he called a "supplemental bill," against S. and G. and sundry others, not parties to the first suit, including the A. Co., a Florida corporation, alleging collusion to defeat the execution of the first decree: that certain lands conveyed to the A. Co. were, at the time, held in trust for M. as to his interest as a partner, of which the A. Co. had notice; and praying, among other things, that M. be decreed to have a vendor's lien for his half interest in such land. *Held*, that such bill did not fall within any rule applicable to supplemental or ancillary bills of which jurisdiction could be entertained without regard to the citizenship of the parties, since new parties were brought in, and new matter charged as a basis of relief, not litigated in the first suit by the same parties standing in the same interests.

2. JUDGMENT AND DECREE—HOW FAR BINDING.

*Held*, further, that the decree in the first suit, which adjudged plaintiff entitled to share in the assets of the partnership, but did not adjudicate upon the title to any particular land, could not affect the title to lands belonging to the partnership, which had been conveyed, before the commencement of that suit, to third persons, not made parties to it.

Appeal from the Circuit Court of the United States for the Northern District of Florida.

This was a suit by John C. McKibben against the Anglo-Florida Phosphate Company and others for the enforcement of a decree. An injunction was granted by an interlocutory order of the circuit court, from which the Anglo-Florida Phosphate Company appeals.

Thomas A. Banning and George L. Paddock, for appellant.

John H. Burchell and Bisbee & Rinehart, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

BRUCE, District Judge. The bill was filed February 14, 1894. The appellant company, defendant in the court below, appeared and interposed demurrers to the bill, raising the question of jurisdiction of the court, after which the writ of injunction complained of was allowed.

The first assignment of error is in granting an injunction against this defendant in the interlocutory order or decree of May 4, 1894, when it appears on the face of the bill of complaint that this court had no jurisdiction of this defendant, because it appears that the defendant is a citizen of the same state as the complainant. The appeal is prayed for by the Anglo-Florida Phosphate Company alone, and there is an order of severance in the record. The allegation in the bill is that John C. McKibben, who resides in the county of Marion, state of Florida, brings this, his supplemental bill, for the enforcement of a decree against George C. Stevens, of the city of

Atlanta, state of Georgia, Henry H. Graham, of the city of Chicago, state of Illinois, and a large number of defendants named, among whom is the appellant company. He alleges that on or about the 21st day of September, 1892, he filed his bill of complaint in this court against George C. Stevens and Henry H. Graham, two of the defendants named in the supplemental bill, for the enforcement of a decree wherein "your orator charged that your orator and said defendant George C. Stevens had entered into a copartnership for the purpose of buying, selling, and negotiating sales of phosphate lands located in the state of Florida, by which contract your orator and said defendant George C. Stevens were to share equally in the proceeds to be realized from the business of said copartnership." It is charged that profits had been realized from the business of the copartnership, but that orator had been excluded from participation therein, and he prays for a decree that an account may be taken, and that the partnership may be dissolved, and for general relief. It is alleged that the defendants Stevens and Graham appeared and answered the bill; that testimony was taken, and on the 13th day of February, 1894, decree was entered in said cause, decreeing, among other things, that "your orator, John C. McKibben, was a partner with the said George C. Stevens, and as such partner was entitled to one-half of all the lands, assets, and profits arising from the copartnership dealings between the said copartners." It is charged that Stevens and Graham have conspired and colluded with the other defendants to this bill for the purpose of depriving orator of his just and equitable rights, and for the purpose of hindering and delaying him in obtaining execution of the said decree; and the prayer is that the defendants answer the bill, and abide and perform such order and decree in the premises as to the court may seem meet and equitable. The bill is called a supplemental bill for the enforcement of decree against George C. Stevens of the city of Atlanta, Ga., and Henry H. Graham, of the city of Chicago, and state of Illinois. The citizenship of complainant is not stated in the bill, and the proposition is that the jurisdiction of the court exists without regard to the citizenship of the parties thereto, on the ground that the bill is not an original, but a supplemental, bill. The appellant company, defendant in the suit below, is alleged in the bill to be a corporation organized and existing under the laws of the state of Florida, with its principal offices in the city of Ocala, county of Marion, and state of Florida, so that it is a citizen of the same state as the complainant. Process was prayed against it, with a number of other defendants, and it, with other defendants, appeared, and interposed demurrers to the bill, raising the question of the jurisdiction of the court, and other questions as well.

The appellant company contends that upon the face of the bill the controversy is between citizens of the same state, and that the bill is not in any proper or legal sense a supplemental or ancillary bill, and that the jurisdiction of the court cannot be maintained on that ground. In Fost. Fed. Prac. p. 141, § 64, it is said:

"Original bills are those which relate to some matters not before litigated in the court of equity by the same parties standing in the same interests. Bills

not original are those which relate to some matter already litigated in the court of equity by the same parties, or their representatives, and which are either an addition to or a continuance of an original bill, or both,"—citing authorities.

We are furnished with a pretty full citation of authorities in decided cases, among which is the case of Dunn v. Clarke, 8 Pet. 2, which is a leading case, and has been cited and followed many times in adjudicated cases. A brief examination of the bill is necessary in order to determine whether, in the light of the adjudications upon the subject, it falls within the rule as to supplemental or ancillary bills. The first bill was filed September 21, 1892, and its scope and purpose were to establish a partnership, and obtain an account and share of alleged profits of the copartnership. And in this litigation complainant succeeded in obtaining the decree of February 13, 1894, which, as stated in the bill in this case, is "that your orator, John C. McKibben, was a partner with said George C. Stevens, and as such partner entitled to one-half of all the lands, assets, and profits arising from the copartnership dealings between the said copartners." There is nothing in this decree adjudicating title to any particular tract of land, and it could not affect title to lands which had theretofore been conveyed to third parties at a time prior to the filing of the bill, and who were not parties to the suit nor had their day in court. In the fifteenth paragraph of the bill it is charged that on or about the 8th day of October, 1891,—the date of the said deed from the said defendants Stevens and Graham to the said defendants Ephraim Banning and S. M. Meek, as trustees for the Anglo-Florida Phosphate Company,—the title to the said 1,300 acres of land described in said deed was held by the said defendants Stevens and Graham as part of the assets of the said copartnership between complainant and defendant Stevens, and in trust for your orator as to his one-half interest therein, or the proceeds of any sale thereof by the said defendants Ephraim Banning and S. M. Meek, as trustees, as aforesaid; and that the said defendant corporation the Anglo-Phosphate Company took the title to said lands with full notice of said interest of your orator in the said lands, and subject to the trust for his benefit therein. But how can this decree of February 13, 1894, affect the sale and transfer of the 1,300 acres of land made by Stevens and Graham to Banning and Meek, as trustees for the Anglo-Florida Phosphate Company, which transaction, as alleged, was made prior to the filing of the bill, and to which bill the appellant company was not a party? And again, if it was the purpose of that bill to call in question the title to the lands purchased by the appellant company, why was it not made a party defendant in that suit? If it had been made a party defendant, the suit would have been between citizens of the same state, and the jurisdiction could not have been maintained; and, that being so, it follows that the jurisdiction of the court cannot be maintained on this bill on any theory or ground that it is supplementary or ancillary to the first bill. It seems clear that this bill cannot fall within any rule applicable to supplemental bills as to appellant company. New parties are brought in as defendants, and new matter charged as a basis and ground of relief which was

not litigated in the first suit by the same parties standing in the same interests. In the prayer of the bill, among other things, it is asked that complainant be decreed to have a vendor's lien for an undivided one-half interest in and to the 1,300 acres of land which it is alleged was conveyed to trustees for the benefit of the appellant company. This is not a matter for a supplemental bill. There was nothing of this kind in the first bill, and if, upon the facts stated, there is anything in such a claim for a vendor's lien in favor of complainant upon an undivided one-half or on any interest in the lands in question, it did not arise subsequent to the filing of the original bill, and is not within rule 57 of the equity rules of the supreme court of the United States. A reference to the case made in the bill as to the defendants other than Stevens and Graham, who do not herein join in the appeal, makes it still more clear that the bill, no matter what it may be called, is essentially an original bill, and that jurisdiction cannot be maintained.

Other questions were discussed at the hearing. The equity of the bill was attacked, but, being of opinion that the court is without jurisdiction, we do not deem it necessary to go further. The injunction must fall with the bill, and the case is remanded, with direction to dissolve the writ, and dismiss the bill as to appellant company.