KENDRICK v. KENDRICK et al.*

(Circuit Court of Appeals, Fifth Circuit. December 13, 1926. Rehearing Denied January 12, 1927.)

No. 4820.

1. Courts ⬞308—Diversity of citizenship held lacking for federal jurisdiction of partition suit between widow and other heirs, some citizens of same state as she.

Federal court has no jurisdiction of suit as one against widow by other heirs of deceased for partition, all the other heirs having interests in the land, and so being indispensable parties, and the interests of all the other heirs being similar and adverse to her interests, so that all of them would have to be assigned to the plaintiff side of the suit, with the result of preventing the necessary diversity of citizenship, the widow and some of the heirs being citizens of the same state.

2. Courts ⬞329—Bill held not to show suit, as one to enforce only plaintiff's rights, involved amount necessary for federal court jurisdiction.

Treating suit as one to enforce only the asserted rights of plaintiff, the bill alleging that plaintiffs brought the suit as a class suit in behalf of themselves and the other heirs of deceased, and that the matter and amount in controversy exceeded, $3,000, but not alleging the value of the interests of plaintiffs alone, fails to show that suit involves the requisite amount to give federal court jurisdiction.

3. Equity ⬞114—Existing suit within court's jurisdiction is prerequisite to intervention.

An existing suit within the court's jurisdiction is a prerequisite to intervention, which is an ancillary suit.

4. Courts ⬞264(2)—Intervening petition for partition is not ancillary to pending suit to establish plaintiffs' interest in land.

To a suit to establish plaintiffs' interest in land, an intervening petition seeking to have the land partitioned is not ancillary.

5. Courts ⬞316—Federal court cannot by intervention be given jurisdiction to grant relief, which it would not have had if sought in original suit.

Where federal court would not have jurisdiction of original suit as one for partition, because of absence of necessary parties, and because, if they were parties, it would prevent necessary diversity of citizenship, it cannot be given such jurisdiction by friendly contrivance, by which the others intervene and ask for partition.

On Petition for Rehearing.

6. Courts ⬞329—Amount of damages and rental value alleged by bill in trespass to try title held not to be added to give federal court jurisdiction.

Though bill in trespass to try title allege both damages sustained and rental value, yet, it containing no allegation indicating that alleged trespass caused any damages other than loss of value of use, and disclosing no intention to assert right to recover both amount of damages alleged and alleged amount of rental val-

*Certiorari denied 47 S. Ct. 472, 71 L. Ed. ——.

ue of land during time of wrongful withholding, aggregate of amounts of alleged damages and rental value may not be considered for purpose of establishing amount necessary for jurisdiction of federal court.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit by P. S. Kendrick and another against Mary W. Kendrick; others intervening. From an adverse decree, defendant appeals. Reversed, and dismissed for want of jurisdiction.

R. S. Phillips and Walter L. Morris, both of Fort Worth, Tex. (S. Webb and J. A. King, both of Albany, Tex., W. C. Sweat, of Corinth, Miss., and R. S. Phillips, Phillips, Brown & Morris, and Walter L. Morris, all of Fort Worth, Tex., on the brief), for appellant.

Joseph Manson McCormick, of Dallas, Tex. (H. P. Wood, of Selmer, Tenn., and Etheridge, McCormick & Bromberg and Joseph Manson McCormick, all of Dallas, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This suit was brought by P. S. Kendrick and J. A. Kendrick, citizens of Texas and heirs at law of C. Kendrick, deceased, against the latter's widow, who is a citizen of Mississippi. The parties are herein referred to by their designations in the court below. The plaintiffs alleged that they brought the suit as a class suit in behalf of themselves and the other heirs of said deceased, some of such other heirs being citizens of Mississippi; that the deceased left a will under which described Texas lands owned by him at the time of his death were to go to his heirs per stirpes, each of the plaintiffs claiming a one-fifth of a one-third interest in said lands; that defendant entered upon said lands, ejected therefrom plaintiffs and said other heirs, and unlawfully withholds said lands from plaintiffs and those whom they represent; and that the matter and amount in controversy exceeds in value the sum of $3,000, exclusive of interest and costs. Plaintiffs prayed that the interests of themselves and of the other heirs they claimed to represent be established against the defendant, that a writ of restitution issue, that said lands be partitioned among those entitled thereto, and for such other relief as plaintiffs and the other heirs represented by them may be entitled to.

Upon the defendant objecting to the maintenance of the suit on the ground that

the court did not have jurisdiction thereof, the court permitted the heirs of the deceased other than the plaintiffs to file in the cause an intervening petition, which alleged that plaintiffs did not make the interveners parties, because to have done so would have ousted the jurisdiction of the court, and prayed that interveners be adjudged their respective interests in the said lands, and that said lands be partitioned between the parties to the cause, and for such other and further relief as they may be entitled to.

The decree appealed from adjudged that plaintiffs, for themselves and as representatives of the class for which they sue, have and recover of the defendant an undivided one-half interest in said lands; that the plaintiffs or the defendant, as they may be advised, have leave to apply to the court for a supplementary decree partitioning their respective interests in said property; and that plaintiffs have and recover all costs in this behalf incurred.

[1] The court did not have jurisdiction of the suit as one for the partition of land, as all the heirs of the deceased were indispensable parties to such a suit and some of those heirs are citizens of Mississippi, the state of which the defendant is a citizen. Those Mississippi heirs having interests similar to those of the plaintiffs and adverse to the defendant, they would have to be assigned to plaintiffs' side of the suit, with the result of preventing the requisite diversity of citizenship. Barney v. Baltimore City, 6 Wall. 280, 18 L. Ed. 825; Dawson v. Columbia Trust Co., 197 U. S. 178, 25 S. Ct. 420, 49 L. Ed. 713.

[2] In behalf of the appellees it was contended that the court had jurisdiction of the suit as one to establish, as against the defendant, the asserted right and title of the plaintiffs in the lands mentioned, though it did not have jurisdiction to grant all the relief prayed, namely, that the asserted interests of the plaintiffs and the other heirs be established and that said land be partitioned among those entitled thereto. Within the meaning of the statute (Judicial Code, § 24 [Comp. St. § 991]) the matter in controversy is the subject of litigation upon which the suit is brought, and the sum or value of such matter in controversy is the pecuniary consequence to the parties to the suit of an adjudication on the claims asserted. Smith v. Adams, 130 U. S. 167, 9 S. Ct. 566, 32 L. Ed. 895; Wheless v. St. Louis, 180 U. S. 379, 21 S. Ct. 402, 45 L. Ed. 583. It is apparent that what the bill of the plaintiffs sought to make the subject of adjudication was the alleged interests in said lands, not of the two plaintiffs only, but of all the heirs of the deceased, including the two plaintiffs. Evidently the matter in controversy, which was alleged to exceed in value the sum of $3,000, exclusive of interest and costs, was the asserted interest in said lands of all the heirs of C. Kendrick, deceased. There was no allegation as to the value of the asserted interests of the two plaintiffs only. The averments made are consistent with the value of those interests being greatly less than $3,000. So far as the suit was one to enforce the asserted rights of the two plaintiffs, the record fails to show that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. Treating the suit as one to enforce only the asserted claims of the plaintiffs, the record fails to show that it involved the requisite jurisdictional sum or value.

[3-5] An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit or action by which a third person is permitted to make himself a party, either joining the plaintiff in claiming what is sought by the complaint, or uniting with the defendant in resisting the claims of the plaintiff, or demanding something adversely to both of them. Rocca v. Thompson, 223 U. S. 317, 331, 32 S. Ct. 207, 56 L. Ed. 453; Stewart v. Dunham, 115 U. S. 61, 5 S. Ct. 1163, 29 L. Ed. 329; Adler v. Seaman (C. C. A.) 266 F. 828; Equity Rule 37. As the record does not show that at the time the petition to intervene was presented there was pending any suit or proceeding within the court's jurisdiction, that petition was not allowable. Furthermore, even if the record properly could be regarded as showing that the required jurisdictional amount or value was involved in the suit as one to establish the asserted interests of the plaintiffs as against the defendant, a suit or proceeding by other heirs for the partition of said land was not ancillary to the pending suit, which did not have the effect of putting that land in the court's custody or making any interest in it subject to the court's jurisdiction except the asserted interests of the two plaintiffs.

The object of the intervening petition was to introduce into the pending suit a matter which could not be litigated therein, because indispensable parties could not be brought into that suit without ousting the court's jurisdiction. It was an attempt to change the nature of the pending suit so far as the court could have jurisdiction of it, to have said land partitioned, though the court could not grant that relief in the original

suit. Raphael v. Trask, 194 U. S. 272, 24 S. Ct. 647, 48 L. Ed. 973; Julian v. Central Trust Co., 193 U. S. 93, 24 S. Ct. 399, 48 L. Ed. 629; Christmas v. Russell, 14 Wall. 69, 20 L. Ed. 762; Anglo Florida Phosphate Co. v. McKibben (C. C. A.) 65 F. 529. The intervening petition being "merely a contrivance between friends for the purpose of founding a jurisdiction which otherwise would not exist, the device cannot be allowed to succeed." Dawson v. Columbia Trust Co., supra.

We conclude that the record does not show that the court had jurisdiction of any matter sought to be made the subject of adjudication. The decree is reversed, and the suit is dismissed for lack of jurisdiction.

Reversed and dismissed.

### On Petition for Rehearing.

PER CURIAM. [6] Appellees' petition for a rehearing discloses a contention that the jurisdictional amount or value was shown in the part of the bill which stated a claim in trespass to try title by the allegations of the amount of damages sustained and of the amount of the reasonable rental value of the land, it being suggested that the aggregate of those amounts should be considered in determining the value or amount in controversy. Unless that suggestion is warranted the record fails to show the required jurisdictional amount or value. The bill contains no allegation indicating that the alleged trespass caused any damage other than the loss of the value of the use of the land while possession of it was withheld by the alleged trespasser. Evidently the damages claimed included the alleged rental value of the land. An intention to assert a right to recover both the amount of damages alleged and the alleged amount of the rental value of the land during the time of the alleged wrongful withholding was not disclosed. We do not think that the above mentioned contention is sustainable.

The petition for rehearing is denied.