## NON COMMISSIONED OFFICERS ASSOCIATION OF the UNITED STATES of America et al, Plaintiffs,

### v.

## ARMY TIMES PUBLISHING COMPANY, Defendant-Appellee,

### v.

### Joseph M. BELTH, Intervenor-Appellant.

#### No. 80–1907
#### Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Feb. 17, 1981.

Rehearing Granted March 30, 1981.

John C. Sims, Washington, D. C., for intervenor-appellant.

Oppenheimer, Rosenberg, Kelleher & Wheatley, San Antonio, Tex., Williams, Connolly & Califano, Keller & Heckman, Michael S. Horne, Washington, D. C., for defendant-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Appellant, Joseph M. Belth, appeals the denial of a motion to intervene filed pursuant to F.R.Civ.P. 24. Belth is an insurance professor and current editor of The Insurance Forum (published by Army Times Publishing Co.), a publication that had at one time carried several articles criticizing the type of insurance policies offered to members of the Non Commissioned Officers Association.

These articles were the subject of two libel actions against the publishing company in 1976. Both suits were ultimately settled. As part of the consent dismissal of that action, the Court also enjoined all the parties from disclosing the terms of the settlement agreement.

Now, four years after entry of the consent order, Belth is seeking intervention into the action and a lifting of the seal on the settlement agreement.

The District Court denied without a hearing Belth's motion to intervene. We affirm the Court's dismissal of Belth's motion because there is no case in which Belth can intervene. A prerequisite of an intervention (which is an ancillary proceeding in an already instituted suit) is an existing suit within the Court's jurisdiction. *Truvillion v. King's Daughters Hospital*, 614 F.2d 520, 526 (5th Cir. 1980) *quoting Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926), *cert. denied*, 273 U.S. 758, 47 S.Ct. 472, 71 L.Ed. 877 (1927).

The Court, having denied intervention which we affirm, had no occasion to rule on the motion to unseal the agreement.

AFFIRMED.

IT IS ORDERED that the petition for rehearing is granted and the case is to be calendared for oral argument.