# United States Court of Appeals for the Federal Circuit

04-1484

ERICSSON, INC.,

Plaintiff,

v.

INTERDIGITAL COMMUNICATIONS CORPORATION
and INTERDIGITAL TECHNOLOGY CORPORATION,

Defendants-Appellants,

v.

NOKIA CORPORATION,

Intervenor-Appellee.

Dan D. Davison, Fulbright & Jaworski L.L.P., of Dallas, Texas, argued for defendants-appellants. With him on the brief were Linda L. Addison and Warren S. Huang, of Houston, Texas.

Keith E. Broyles, Alston & Bird, LLP, of Atlanta, Georgia, argued for intervenor-appellee. With him on the brief was Patrick J. Flinn. Of counsel was William R. Hubbard.

Appealed from: United States District Court for the Northern District of Texas

Judge Barbara M.G. Lynn

# United States Court of Appeals for the Federal Circuit

04-1484

ERICSSON INC.,

Plaintiff,

v.

INTERDIGITAL COMMUNICATIONS CORPORATION
and INTERDIGITAL TECHNOLOGY CORPORATION,

Defendants-Appellants,

v.

NOKIA CORPORATION,

Intervenor-Appellee.

---

DECIDED: August 4, 2005

---

Before RADER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") appeal the decision of the United States District Court for the Northern District of Texas that (i) granted leave to Nokia Corporation ("Nokia") to intervene in proceedings relating to this previously-settled lawsuit between Ericsson, Inc. ("Ericsson") and InterDigital; and (ii) granted Nokia's motion to reinstate certain previously vacated rulings in the Ericsson-InterDigital suit. <u>Ericsson, Inc. v. InterDigital</u>

Communications Corp., No. 3:93-CV-1809-M (N.D. Tex. June 3, 2004) ("Reinstatement Order"). We reverse.

BACKGROUND

I.

InterDigital owns a group of patents relating to digital wireless telephony. In 1993, Ericsson filed a declaratory judgment suit against InterDigital, asserting that InterDigital's patents were invalid under 35 U.S.C. §§ 101, 102, 103, and 112, and/or were unenforceable. InterDigital counterclaimed for patent infringement.[1]

Ericsson and InterDigital litigated the case for more than a decade, with the litigation resulting in various orders and rulings by the district court. Most notably, the district court issued various rulings construing the claims in suit, and granted summary judgment of non-infringement of some of the asserted claims. All of these rulings were sealed pursuant to a broad confidentiality order.

The parties finally reached a settlement in March of 2003. In connection with the settlement, they filed a joint motion to vacate the claim construction and summary judgment orders, and to maintain the record under seal. The district court granted the parties' motion. Ericsson, Inc. v. InterDigital Communications Corp., No. 3:93-CV-1809-M (N.D. Tex. Mar. 18, 2003) ("Vacatur Order"). The next day, the district court signed a joint stipulation that dismissed the case with prejudice.

---

[1] The patents in suit, according to the original complaint and counterclaim, were: U.S. Patent Nos. 4,675,863; 4,785,450; 4,811,420; 4,817,089; 4,912,705; 5,022,024; 5,119,375; 5,121,391; 5,657,358; and 5,687,194.

04-1484                                        2

II.

In 1999, while the suit between Ericsson and InterDigital was pending, Nokia negotiated a license agreement under the InterDigital patents ("the InterDigital-Nokia license"). The InterDigital-Nokia license divided Nokia's royalty payments to InterDigital into two time periods. For the period prior to 2002, Nokia agreed to pay InterDigital a lump-sum royalty. However, for the year 2002 and thereafter, Nokia's royalty obligations would be determined by what InterDigital characterizes as a "most favored license" provision. Under this provision, Nokia agreed that the amount owed to InterDigital for 2002 and thereafter would be calculated based on the financial terms of future licenses to InterDigital's patents taken by certain third-parties. In other words, Nokia agreed to pay InterDigital a royalty calculated (at least in part) on what competitors were prepared to pay in royalties to InterDigital.[2]

When Ericsson and InterDigital settled their suit, Ericsson agreed to a license. Subsequently, InterDigital issued a press release announcing that its settlement with Ericsson meant that Nokia owed InterDigital between $100 and $120 million in royalties for the year 2002 under the InterDigital-Nokia license.

At some point, Nokia initiated arbitration proceedings against InterDigital under procedures outlined in its license. In July of 2003, after the Ericsson-InterDigital suit had been dismissed, Nokia sought to intervene in the case, "for the purpose of obtaining access to the sealed pleadings and orders in this case on the same basis as the litigants themselves . . . ." Nokia argued that orders relating to the scope of

---

[2] The precise terms of the InterDigital-Nokia license are not in the record before us. What we say in this opinion about the Nokia-InterDigital license is based upon what appear to be undisputed statements in the briefs.

04-1484                                      3

InterDigital's patents were matters of general public interest. Nokia also argued that it, in particular, had a "specific, compelling and financially quantifiable need" to gain access to the documents in the case, in light of InterDigital's press release indicating that Nokia owed InterDigital millions of dollars in royalties.

The district court held a hearing on Nokia's intervention request. Thereafter, on December 2, 2003, pursuant to Federal Rule of Civil Procedure 24(b)(2), the district court granted Nokia's request to intervene and afforded it access to the sealed record in the litigation. See Reinstatement Order, slip op. at 3. In addition, the court indicated that it would make available to the InterDigital-Nokia arbitration panel any documents that the panel requested. The court also unsealed its Vacatur Order. See id.

On December 29, 2003, Nokia sought to expand the scope of its intervention. Specifically, it moved under Fed. R. Civ. P. 60(b) for reinstatement of the orders and rulings vacated on March 18, 2003. Alternatively, Nokia moved under Fed. R. Civ. P. 24(b)(2) to intervene for the purpose of pursuing its Rule 60(b) motion. InterDigital and Ericsson opposed both motions. Addressing the first motion, the court noted that the scope of Nokia's intervention up to that time had been limited to gaining access to the sealed record. Id. at 15-16. For that reason, the court rejected Nokia's contention that the scope of the previously-granted intervention was broad enough to permit the court to consider Nokia's motion under Rule 60(b) to reinstate the vacated orders and rulings. Id. at 8.

The court next turned to Nokia's motion to intervene pursuant to Fed. R. Civ. P. 24(b)(2) for the purpose of making a Rule 60(b) motion. The court determined first that Nokia had standing to challenge the Vacatur Order because "vacatur of the Court's

04-1484                                 4

rulings potentially affects Nokia's obligations under its agreement with InterDigital." Id. at 10. The court then proceeded to analyze the timeliness of Nokia's motion under the four-part test formulated by the Fifth Circuit in Stallworth v. Monsanto Co., 558 F.2d 257, 264-66 (5th Cir. 1977). After finding that all four factors weighed in favor of Nokia, the court ruled that Nokia's motion to intervene under Rule 24(b)(2) was timely. The court therefore allowed Nokia to intervene. Reinstatement Order, slip op. at 12-14. Next, the court determined that Nokia's Rule 60(b) motion was made within a reasonable time. Finally, having allowed intervention, the court granted Nokia's request to reinstate the vacated orders and rulings. Id. at 24. The court first stated that the issue of whether vacatur was proper was before the court when it considered Ericsson's and InterDigital's joint motion to vacate. Therefore, the court reasoned, Nokia's motion to reinstate met the requirement of Rule 24(b) that it "have a question of law or fact in common" with the "main action." Id. at 13. Finally, turning to Nokia's request for reinstatement, the court ruled that, in granting Ericsson's and InterDigital's motion to vacate, it had erred as a matter of law because it had not properly applied United States Bancorp Mortgage v. Bonner Mall Partnership, 513 U.S. 18 (1994). See Reinstatement Order, slip op. at 18. The court therefore reinstated the vacated orders and rulings from the Ericsson-InterDigital lawsuit.

InterDigital has timely appealed from the Reinstatement Order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) because the district court's original jurisdiction in this case was based in part on 28 U.S.C. § 1338(a). See Apotex, Inc. v. Thompson, 347 F.3d 1335, 1342 (Fed. Cir. 2003).

DISCUSSION

I.

On appeal, InterDigital first challenges the district court's ruling in the Reinstatement Order allowing Nokia to intervene under Rule 24(b)(2) to seek reinstatement of the vacated orders.[3]  InterDigital further argues that, assuming the district court did not err in allowing Nokia to intervene, it nevertheless did err in the Reinstatement Order in granting the motion to reinstate the vacated orders.[4]

Whether the district court erred in allowing Nokia to intervene and to pursue a Rule 60(b) motion are matters not unique to patent law.  They therefore are governed by the law of the appropriate regional circuit.  See Insituform Techs., Inc. v. CAT Contr., Inc., 385 F.3d 1360, 1372 (Fed. Cir. 2004) (procedural matters generally are governed by regional circuit law); Haworth, Inc. v. Steelcase, Inc., 12 F.3d 1090, 1092 (Fed. Cir. 1993) ("This appeal involves a procedural matter not unique to patent law, namely the denial of a motion to intervene.  Therefore, [regional circuit law] controls[.]").  In this case, Fifth Circuit law governs.

II.

Rule 24(b)(2) of the Federal Rules of Civil Procedure states, in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will

---

[3]  It does not appear that InterDigital challenges the district court's order allowing Nokia to intervene earlier for the limited purpose of accessing the sealed documents. Thus, our analysis is confined to the court's June 2004 order allowing Nokia to intervene for the purpose of seeking reinstatement of the vacated orders.

[4]  In view of our disposition of the case, it is not necessary for us to address the second issue raised by InterDigital.

unduly delay or prejudice the adjudication of the rights of the original parties.

Under Fifth Circuit law, orders concerning permissive intervention under Rule 24(b) are reviewed for an abuse of discretion. See Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co., 172 F.3d 385, 387 (5th Cir. 1999). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." Fed. Trade Comm'n v. Nat'l Bus. Consultants, Inc., 376 F.3d 317, 321 (5th Cir. 2004) (citations omitted).

InterDigital argues that the district court's decision allowing Nokia to intervene in order to seek reinstatement of the vacated orders and rulings is tainted by legal error in several respects. First, it argues that intervention was improper because, in December of 2003, there was no live case in which Nokia could intervene. Second, it argues that intervention was improper because Nokia lacked standing, the reason being that Nokia did not have a claim or defense that it was seeking to protect by intervention. In other words, Nokia failed to allege a cognizable injury in fact. Third, InterDigital contends that Nokia's request to intervene was untimely, and finally, it urges that intervention was improper because Nokia's request to intervene did not present a claim or defense that shared a question of law or fact in common with the Ericsson-InterDigital suit, as required by Rule 24(b)(2).

Nokia responds that the Vacatur Order caused it to suffer an injury in fact because the InterDigital-Nokia license established a complicated royalty rate setting process that involves determining the scope and validity of InterDigital's patents. It also argues that its motion to intervene was timely and that, liberally construed, its motion to

intervene did meet the Rule 24(b)(2) requirement of presenting a claim or defense that shared a question of law or fact in common with the Ericsson-InterDigital suit.

We turn first to InterDigital's argument that the district court erred as a matter of law in granting intervention because, as of December 2003, there was no live case in which Nokia could intervene. It is well-settled law in the Fifth Circuit that "[a] prerequisite of an intervention (which is an ancillary proceeding in an already instituted suit) is an existing suit within the Court's jurisdiction." Non Commissioned Officers Ass'n v. Army Times Publ'g Co., 637 F.2d 372, 373 (5th Cir. 1981) (citing Truvillion v. King's Daughters Hosp., 614 F.2d 520, 526 (5th Cir. 1980)); Kendrick v. Kendrick, 16 F.2d 744, 745 (5th Cir. 1926). In Kendrick, in what appears to be the seminal case on this issue in the Fifth Circuit, the court stated:

> An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit or action by which a third person is permitted to make himself a party, either joining the plaintiff in claiming what is sought by the complaint, or uniting with the defendant in resisting the claims of the plaintiff, or demanding something adversely to both of them.

Kendrick, 16 F.2d at 745; see also Krim v. pcOrder.com, Inc., 402 F.3d 489, 502 (5th Cir. 2005) ("The 'prerequisite of an intervention' that there be 'an existing suit within the Court's jurisdiction' depends here on the individual claims. That none of the individual claims remained viable . . . when the motion to intervene was filed, disposes of the attempt at intervention.") (citing Non Commissioned Officers Ass'n, 637 F.2d at 373); Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 840 (4th Cir. 1999) ("When Beaumont filed its motion to intervene more than 60 days after the entry of final judgment, there was no pending litigation in which Beaumont could intervene. Therefore, the motion was untimely . . . .").

We agree with InterDigital that Nokia's motion to intervene failed to satisfy the Fifth Circuit requirement that there be an existing suit in which to intervene. The Ericsson-InterDigital litigation ended on March 19, 2003, when the district court dismissed the case with prejudice after it was settled. Consequently, when Nokia sought to intervene in December of 2003 in order to obtain reinstatement of the vacated orders and rulings from the litigation, there did not exist the Fifth Circuit prerequisite for intervention: "an existing suit within the court's jurisdiction." Non Commissioned Officers Ass'n, 637 F.2d at 373.[5]

We are not persuaded by Nokia's contention that Non Commissioned Officers Association is distinguishable because in this case, unlike there, the district court still retained jurisdiction to entertain a Rule 60(b) motion. In terms of timeliness, Rule 60(b) states that a motion "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." The issue, however, is not whether it was still within the authority of the district court to entertain a Rule 60(b) motion from a party, which Nokia was not. Rather, the issue is whether there was "[a]n existing suit within the court's jurisdiction" in which Nokia could either "join . . . the plaintiff in claiming what . . . [was] sought by the

---

[5] We also do not think that it is harsh to prevent Nokia from waiting until this litigation was dead before attempting to excavate the vacated orders. Nokia was aware of the existence of the court's rulings for more than two years before it sought to intervene. During that time, Nokia did not contest the propriety of the district court's confidentiality order barring public access to those rulings, nor did Nokia otherwise seek to intervene. According to Nokia's counsel, it thought that "Ericsson was winning, [and InterDigital's] patents were either not infringed, or not valid."

In addition, to the extent that Nokia's interest in this case is to ascertain the scope of the InterDigital patents in order to calculate its royalty obligations, Nokia is free to argue the proper claim scope of the InterDigital patents in its pending arbitration with InterDigital.

complaint, or unite . . . with the defendant in resisting the claims of the plaintiff, or demand . . . something adverse to both of them." Kendrick, 16 F.2d at 745. There was not such a suit within the court's jurisdiction because the Ericsson-InterDigital case had been dismissed, and Nokia was not seeking to intervene for any of the cited purposes.

In arguing that its intervention was not untimely, Nokia also relies on Ceres Gulf v. Cooper, 957 F.2d 1199 (5th Cir. 1992); Stallworth v. Monsanto Co., 558 F.2d 257 (5th Cir. 1977); and McDonald v. E.J. Lavino Co., 430 F.2d 1065 (5th Cir. 1970). In each of these cases, the court of appeals reversed a district court decision denying a motion for intervention under Fed. R. Civ. P. 24. Nokia's reliance on these cases is misplaced, however. Each involved facts totally different from those presented here and in Non Commissioned Officers Association, Truvillion, and Kendrick.

In Ceres, the Director, Office of Worker's Compensation Programs, sought to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(1)[6] in a workmen's compensation case under the authority given to him by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. The motion to intervene was filed one day before entry of final judgment. See 957 F.2d at 1202. Stallworth involved a motion to intervene—either as a matter of right under Rule 24(a)(2)[7] or permissively under Rule 24(b)(2)—by individuals directly affected by a settlement agreement in a civil rights case. See 558 F.2d at 263. The motion to intervene was filed before entry of

_____

[6] Rule 24(a)(1) provides that "[u]pon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene[.]"

[7] Rule 24(a)(2) provides, in pertinent part, for intervention when "the applicant claims an interest relating to the property or transaction which is the subject of the action . . . ."

final judgment. See id. at 262-63. Finally, McDonald involved an insurance company's motion to intervene as a matter of right under Rule 24(a)(2) in a workmen's compensation suit to protect its subrogation interest. See 430 F.2d at 1066. The motion to intervene was filed the day after a jury, pursuant to instructions from the trial court, returned a verdict in accordance with a compromise settlement between the parties. Id. at 1068. Significantly, each of these cases involved "an existing suit within the court's jurisdiction" in which a third party sought to intervene to assert an interest different from those of the parties.

For the foregoing reasons, the decision of the district court allowing Nokia to permissively intervene under Rule 24(b)(2) was incorrect as a matter of law. It therefore constituted an abuse of discretion and must be reversed.

III.

Nokia also argues that, even if its Rule 24(b) intervention to seek reinstatement of the vacated orders was untimely, that fact should not cause us to disturb the district court's decision to reinstate the vacated orders. According to Nokia, that is because the court's decision to vacate its claim construction orders and summary judgment rulings in light of the parties' settlement was an "obvious error of law" that is correctable as a "mistake" under Federal Rule of Civil Procedure 60(b)(1). See In re Grimland, Inc., 243 F.3d 228, 233 (5th Cir. 2001) ("When a judicial decision contains an obvious error of law, apparent on the record, then the error may be corrected as a mistake pursuant to Rule 60(b). The error of law must involve a fundamental misconception of the law or a conflict with a clear statutory mandate."). Nokia argues that the district court can correct such an error sua sponte. Accordingly, it reasons that because the district court

04-1484                                          11

indicated that it would have so acted in this case, whether the intervention motion was proper is irrelevant.[8]  Rule 60(b)(1) states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]

Fed. R. Civ. P. 60(b).

Rule 60(b) allows a court to relieve "a party" or "a party's legal representative" from a final judgment or order.  We have ruled in Part II, <u>supra</u>, that the district court erred in granting Nokia permissive intervention under Rule 24(b).  At the same time, Nokia was never "a party" to the original action, and none of the original parties have requested reinstatement of the vacated orders.  The plain language of Rule 60(b) only allows relief to be given to "a party" to the litigation.  <u>Edmonson v. United States Steel Corp.</u>, 659 F.2d 582, 585 (5th Cir. 1981) (Clark, J., concurring) ("Normally, a non-party has no right under Rule 60(b) to bring an independent action to modify a consent decree agreed upon by the parties, when no such relief is sought by any of the parties themselves."); <u>Smith v. Mo. Pac. R.R. Co.</u>, 615 F.2d 683, 685 (5th Cir. 1980) (affirming a district court's determination that Rule 60(b) may not be used by a nonparty to attack a final judgment where the nonparty failed to timely intervene); <u>Houston Gen.</u>, 193 F.3d at 839 (noting that a non-party's Rule 60 motion to vacate the underlying judgment was rendered moot when its Rule 24 motion for intervention was denied); <u>United States v. 8136 S. Dobson St.</u>, 125 F.3d 1076, 1082 (7th Cir. 1997) ("Rule 60 confines the relief it

---

[8]  In its opinion, the district court noted that "The Court may initiate its own Rule 60(b) motion . . . .  In this case, if the Court had found that Nokia did not have standing to assert a Rule 60(b) motion, the Court would have reexamined the Court's Order of vacatur on its own motion, pursuant to Rule 60(b)." <u>Intervention Order</u>, slip op. at 10.

offers to parties, or a party's legal representative . . . ."); <u>Popovich v. United States</u>, 661

F. Supp. 944, 951 (C.D. Cal. 1987) ("Courts have been quite strict in construing Rule

60(b) and have limited relief under it to those who are unquestionably parties."); 12

James Wm. Moore et al., Moore's Federal Practice § 60.63 (3d ed. 2003) ("In most

situations, a Rule 60(b) motion will be granted only on behalf of a party or 'a party's

legal representative.'").  We therefore reject Nokia's alternative argument based upon

Rule 60(b).

We have reversed the district court's decision allowing Nokia to intervene to seek

reinstatement of the vacated orders.  Without intervention, there is no proper party with

standing to be afforded relief under Rule 60(b).  Therefore, it is not necessary for us to

address whether the district court's original vacatur order in light of the settlement was

proper under <u>United States Bancorp Mortgage Co. v. Bonner Mall Partnership</u>.

## CONCLUSION

We hold that the district court erred as a matter of law and therefore abused its

discretion in granting Nokia's motion to intervene in this case for the purpose of seeking

reinstatement of the orders vacated pursuant to the Ericsson-InterDigital settlement.

Accordingly, the court's decision granting intervention and reinstating the vacated

orders is

<u>REVERSED</u>.