EDITH H. JONES, joined by JOLLY, SMITH, CLEMENT and OWEN, dissenting from denial of rehearing en banc: This “unpublished” opinion is not prece-dential in the Fifth Circuit, see 5th Cir. Rule 47.5, but it depends on one of our precedential opinions. Sommers v. Bank of Am., 835 F.3d 509 (5th Cir. 2016). Both decisions have been favorably cited in other circuits. Love v. Wal-Mart Stores, Inc., 865 F.3d 1322 (11th Cir. 2017); In re Brewer, 863 F.3d 861 (D.C. Cir. 2017). This is most unfortunate. At a minimum, Sommers contradicted a long train of authorities that carve out very narrow exceptions to parties’ ability to dismiss cases voluntarily without court approval. Fed. R. Civ. P. 41(a)(1)(A). At worst, Odle creates a class action exception to . the finality of stipulated dismissals that conflicts with both Rules 41(a)(1) and 23(e). I respectfully dissent from the denial of en banc rehearing. To recap very briefly, this ease proceeded as a putative Texas-wide class action following the Supreme Court’s denial of a nationwide Title VII class in Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). During several more years of litigation, the Fifth Circuit refused to grant interlocutory review of the district court’s denial of class action status in Odle. The named individual plaintiffs then settled with WalMart and the parties filed an agreed stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(A). Within days, the same plaintiffs’ attorney sought “intervention” on behalf of a new group of would-be class representatives (the “Intervenors”) solely for the purpose of appealing the denial of class certification. It need hardly be said that if these plaintiffs’ claims had been filed within the statute of limitations, they could have simply commenced a new case. Salazar-Calderon v. Presidio Valley Farmers Ass’n, 765 F.2d 1334, 1351 (5th Cir. 1985). Intervention is the only way they could perpetuate claims otherwise barred in a case that was otherwise dead. Based on then-governing precedent, the district court held that the case had been finally closed and disclaimed jurisdiction to decide the motion to intervene. On appeal, the Odle panel reversed and remanded, concluding that the district court had jurisdiction to decide whether new plaintiffs could intervene to keep the class action litjgation alive by appealing the denial of certification. Odle v. Wal-Mart Stores, Inc., 683 Fed.Appx. 288 (5th Cir. 2017). The panel relied on a newly-issued Fifth Circuit decision, Sommers, which “rejectecj the ‘suggestion] that intervention is always improper after a case has been dismissed.’ ” Odle, 683 Fed.Appx. at 289 (quoting Sommers, 835 F.3d at 513). One cannot criticize the Odle decision, therefore, without also critiquing Sommers. A. The Governing Rules Fed. Rule Civ. Proc. 41(a)(l)(A)(ii) states: (1) By the Plaintiff (A) Without a Court Order. Subject to Rule[ ] 23(e) ... the plaintiff may dismiss an action without a court order by filing: ... (ii) a stipulation of dismissal signed by all parties who have appeared. Fed. Rule Civ. Proc. 23(e) states: (e) Settlement, Voluntary Dismissal, or Comprontise. The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court’s approval, (emphasis added). Without doubt, Rule 23(e) is an exception that prohibits parties from dismissing a certified class action by stipulation without court approval, but equally without doubt, non-certified classes are outside this exception. The following discussion explains how Odle and Sommers have misread both Rules. B. Rule 41(a)(1)(A) Stipulated Dismissals Sommers arose from a pro se appeal on this court’s summary calendar. The case was decided without articulate briefing or the benefit of oral argument. Sommers dealt with the consequences of a stipulated dismissal largely in a footnote and reached the conclusion that “[t]hough appellees are incorrect in suggesting that intervention is always improper after a case has been dismissed,” it is a factor weighing against the timeliness of a claimed intervention as of right under Fed. R. Civ. P. 24(a)(2). 835 F.3d at 513 & n.5. According to longstanding authority, a case goes away after a stipulated dismissal, and it’s as if it was never filed. The court has no say in the finality of the parties’ resolution of their dispute, unless they so provide. See Fed. R. Civ. P. 41(a)(1)(B). The district court retains jurisdiction only to handle collateral issues, like attorneys’ fees, sanctions, or confidentiality orders, but not to handle motions that could reopen the merits. Because the parties have elected to dismiss pursuant to Rule 41(a)(1), it is they, and not the district court, that have terminated the lawsuit, leaving nothing for the court to resolve on the merits of the prior dispute. In Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96, 110 S.Ct. 2447, 2455-56, 110 L.Ed.2d 359 (1990), the Court identified certain collateral issues that a court may handle following a stipulated dismissal, including Rule 11 sanctions, imposition of costs, attorney’s fees and contempt sanctions. None of these collateral matters implicates the merits of the dismissed dispute. Wright & Miller accordingly set out the governing principles for Rule 41(a)(1) dismissals: [A]s numerous federal courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed. After the dismissal, the action no longer is pending in the district court and no further proceedings in the action are proper. The general rule is that a dismissal without prejudice is neither final nor appealable. Thus, settlement agreements, generally, cannot be enforced by the district court from which the action was dismissed.... The Supreme Court has held that “a federal court may consider collateral issues after an action is no longer pending.” Lower courts have extended this principle to apply to motions for attorney’s fees and costs.... There is a further exception to the ban against further proceedings following dismissals for Rule 11 proceedings for conduct that took place before dismissal. When fewer than all defendants are dismissed voluntarily, however, the court retains plenary power to reinstate those defendants until the claim has been adjudicated as to the remaining defendants. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2367, 559-65 (3d ed. 1998) (footnotes, citing dozens of federal court decisions, omitted). Before Sommers, this court repeatedly acknowledged the narrow exceptions to the termination of jurisdiction following a stipulated dismissal. See, e.g., Bechuck v. Home Depot U.S.A., Inc., 814 F.3d 287, 291 (5th Cir. 2016) (post-stipulated dismissal, court lacks jurisdiction over merits issues such as a “ ‘request for a modification of the original decree’ ” (quoting Cooter & Gell, 496 U.S. at 395, 110 S.Ct. at 2455)); Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 54 (5th Cir. 1970) (“[T]he case having been dismissed by joint consent, the intervention falls with it.”);[1] see also Non Commissioned Officers Ass’n of U.S. v. Army Times Publ’g Co., 637 F.2d 372, 373 (5th Cir. 1981) (following a Rule 41(a)(1) dismissal, “there is no case in which [the party] can intervene”).[2] Compare Ford v. City of Huntsville, 242 F.3d 235 (5th Cir. 2001) (following the entry of both a stipulated dismissal and a confidentiality order, a local newspaper was permitted to intervene on a matter collateral to the merits—seeking to unseal the confidentiality order). Particularly noteworthy in this uniform line of decisions is SmallBizPros, Inc. v. MacDonald, 618 F.3d 458 (5th Cir. 2010). In that case, the court explained why a district court lacked jurisdiction to enforce the parties’ settlement agreement following their stipulated dismissal: Because filing a voluntary stipulation of dismissal under Rule 41(a)(l)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action. Any dismissal order entered by a district court after the filing of a voluntary dismissal is “superfluous.” Meinecke v. H & R Block of Houston, 66 F.3d 77, 82 (5th Cir. 1995). Therefore, to ensure that jurisdiction is retained so a district court has the power to enforce the terms of a settlement agreement, either (i) all of the requirements for retaining jurisdiction must be met at the time of filing, or (ii) the filing’s effectiveness must be contingent upon a future act (such as the district court issuing an order retaining jurisdiction). Id. at 463. Enforcing a settlement agreement goes to the merits of the parties’ dispute and is hardly a collateral matter. Likewise, ruling on these Intervenors’ motion to intervene goes to the merits of the controversy as it threatens to revive the otherwise-settled and dismissed class action lawsuit. That Sommers is out of step with the vast majority of circuit precedent on the jurisdictional finality of Rule 41(a)(1) stipulated dismissals—and the narrow, non-merits-related grounds for continuing court jurisdiction—is demonstrated by a number of circuit court cases: Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 547 (4th Cir. 1993); Bond v. Utreras, 585 F.3d 1061, 1079 (7th Cir. 2009); Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995); United States v. Ford, 650 F.2d 1141, 1143 (9th Cir. 1981); Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003); Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1275 (11th Cir. 2012). Very recently, however, the D.C. Circuit has weighed in along the lines of Sommers in a case involving attempted post-dismissal intervention by would-be class action representatives. In re Brewer, 863 F.3d 861 (D.C. Cir. 2017). The D.C. Circuit decision seems to carve out a special exception to Rule 41 agreed dismissals where members of a non-certified class want to intervene to appeal the trial court’s denial of class certification. Similar to what happened in Odle, after the district court rejected class certification, the plaintiff acting individually settled with the defendant. The D.C. Circuit noted that the settlement had no res judicata effect on the other potential class members except that they wanted to pursue class certification. The court concluded that intervention was possible notwithstanding the Rule 41(a)(1) dismissal. Brewer could have relied solely on D.C. Circuit authority that permitted an appeal of the denial of a third party’s attempt to intervene after a stipulated dismissal. See Alt. Research & Dev. Found. v. Veneman, 262 F.3d 406, 410 (D.C. Cir. 2001). The court wrote more expansively, even as it acknowledged that other circuits’ case law is united against the proposition that a stipulated dismissal leaves the district court able to reopen the case on the merits. Brewer candidly cited cases that rejected attempts to intervene post-stipulated dismissal. See Brewer, 863 F.3d at 869 (citing Marex Titanic, Inc., 2 F.3d at 547 (no power “to allow ... intervention] in the defunct action”); Ford, 650 F.2d at 1143 (attempt to intervene was moot “[s]ince there is no longer any action in which appellants can intervene, judicial consideration of the question would be fruitless”)). To the Brewer court, however, stipulated dismissals are no different from dismissals for mootness and the district court is not deprived of “jurisdiction” to rule—even on a motion that could reopen a case the defendant thought it had finally settled. In this circuit, Sommers and Brewer are contrary to precedent nearly a century old: motions to intervene presuppose the continued existence of a case, an ongoing dispute on the merits, into which intervention may occur: An existing suit within the court’s jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit or action by which a third person is permitted to make himself a party, either joining the plaintiff in claiming what is sought by the complaint, or uniting with the defendant in resisting the claims of the plaintiff, or demanding something adversely to both of them. - Kendrick v. Kendrick, 16 F.2d 744, 745 (5th Cir. 1926); see also Truvillion v. King’s Daughters Hosp., 614 F.2d 520, 526 (5th Cir. 1980) (an “existing suit within the court’s jurisdiction” is a “prerequisite of an intervention”). That Sommers broke with this and other courts’ precedents is unfortunate on several-levels. First, it creates needless confusion. Our “rule of orderliness” binds this court to the first-decided relevant case, which would render Sommers inapplicable to cases of stipulated dismissals in general. But the scope of the rule of orderliness is often contested. Second, it is embarrassing that our court did not resolve the intracir-cuit conflict between SmallBizPros and Sommers, which even Brewer recognized. Brewer, 863 F.3d at 868-69. Third, Sommers provided the groundwork for Odle to misread not only Rule 41(a)(1)(A) but also to ignore Rule 23(e). C. Rule 23(e), the Scope of Court Supervision of Class Action Dismissals As previously noted, Rule 41(a)(1)(A) allows the parties to dismiss a case without court approval “[sjubject to Rule[ ] 23(e)....” Rule 23(e) states that the claims of a “certified class may be settled, voluntarily dismissed or compromised only with the court’s approval.” Neither the Odle panel nor Brewer says anything about this prefatory clause to Rule 41(a)(1)(A). Moore’s Federal Practice explains, however, that the interaction of these Rules means that, “prior to certification, Rule 23(e)’s requirements do not provide any obstacle to a voluntary dismissal of class claims.” 5 James Wm. Moore, Moore’s Federal Practice § 23.64[2][a][b], 358-62 (3d ed. 2016). Wright & Miller concur that “settlements or voluntary dismissals that occur before class certification are outside the scope of [Rule 23(e) ].” 7B Charles Alan Wright et al., Federal Practice and Procedure § 1797, 72 (3d ed. 2005). In plain terms, voluntary stipulated dismissals of an uncertified class action suit are to be treated exactly the same as .other stipulated dismissals under Rule 41(a)(1)(A), and they become effective immediately without further court order. This result was deliberately incorporated in the 2003 amendments to Rule 23. As the following quotation explains, the drafters of the amendment were well aware of the amendment’s consequences: The amended rule thus removes whatever protection class members had from actions taken by named plaintiffs to dispose of class claims prior to certification. While it is true that absent class members will not be “bound” by any precerti-fication dismissals or settlements made by the named plaintiffs, this does not necessarily mean that class members might not be prejudiced by these actions. [[Image here]] Without precertification protection of the class, defendants faced with a class action may be encouraged to try to avoid class resolution of claims by buying off individual named plaintiffs. These defendants- could settle with strong class plaintiffs, and proceed with a class action when faced with weak or ineffectual named plaintiffs. In some situations, the defendants may be able to forum shop settlement claims brought in undesirable forums. The other side of the coin is that plaintiffs with small claims may try to use class allegations to coerce unusually generous individual settlements from defendants. The threat of the expense of a class action may create a potent incentive to settle. Nevertheless, the drafters of the amendment were aware of these concerns, and in fact the original version of the amendment circulated for public comment provided that court approval would be required for precertification settlement or dismissal. After reviewing the comments, the Committee on Rules of Practice- and Procedure recommended the present version of the rule, giving the following reasons: It was hoped that the approval requirement would protect reliance and deter misuse. The comments, however, reflected the uncertainties expressed in the Committee Note. Many observers stated that reliance by absent class members seldom occurs, if indeed it ever occurs. As to the desire to deter misuse of class allegations, the problem is what effective response can be made. A court cannot effectively coerce continued litigation lohen all parties have agreed not to litigate further, and it may be unseemly to charge the court with searching out new representatives for the putative class. Moore, supra § 23.64[2][a], at 23-360 through 23-361 (emphasis added) (footnotes omitted). In light of the amendment, it is a mistake to invoke pre-2003 case law (as Brewer does) to prevent defendants from “buying off’ would-be class action plaintiffs by means of stipulated voluntary dismissals. In particular, it is a mistake to equate the situations in Odle or Brewer with that in United Airlines v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), in which the Supreme Court considered only the timeliness, under Fed. R. Civ. P. 24, of the intervenor’s post-judgment application to intervene for purposes of appealing the denial of a class action. 432 U.S. at 387, 97 S.Ct. 2464. But in McDonald, there was no stipulated dismissal, only a district court judgment refusing to certify the class. The judgment left the district court with its ordinary adjudicative power, whereas after a voluntary dismissal under Rule 41(a)(1), “[a] proper notice deprives the district court of jurisdiction to decide the merits of the case.” In re Bath and Kitchen Fixtures Antitrust Lit., 535 F.3d 161, 166 & n.8 (3d Cir. 2008) (Sciriea, J.) (noting the court’s retention of jurisdiction to decide collateral issues specified in Cooter & Gell, 496 U.S. at 396-98, 110 S.Ct. 2447). The bottom line is that the district court indeed lacked jurisdiction to rule on the would-be Intervernors’ attempt to keep alive a dispute that the parties had the unbridled right to settle. Together, Odle and Sommers threaten to cause further uncertainty about whether parties may finally dismiss cases voluntarily without risk of further merits litigation.[3] The uncertainty in turn threatens the very possibility of settlements, especially in complex, high-stakes class actions. I respectfully dissent from our court’s refusal to correct these errors en banc. . Gaines nevertheless allowed an attorney, not a party to the case, to intervene only to claim a share of fees that were held in escrow by the court following the parties' settlement. Disposing of the res was a collateral matter within the understood scope of Rule 41(a). . Both the Federal Circuit and 11th Circuit have approved of and understood Non Commissioned Officers to recite “well-settled law in the Fifth Circuit that ‘[a] prerequisite of an intervention (which is an ancillary proceeding in an already instituted suit) is an existing suit within the Court’s jurisdiction.’ ” Ericsson Inc. v. InterDigital Commc’ns Corp., 418 F.3d 1217, 1222 (Fed. Cir. 2005); see abo Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1275 (11th Cir. 2012). . Already, in Love v. Wal-Mart Stores, Inc., 865 F.3d 1322 (11th Cir. 2017), the majority opinion cited both Brewer and Odle, and a concurring opinion takes pains to reconcile Brewer’s allowance of an intervention motion following a stipulated dismissal with contrary law in the Eleventh Circuit, Anago Franchising, Inc. v. Shaz, 677 F.3d 1272 (11th Cir. 2012). Under my foregoing analysis, of course, the decisions are irreconcilable.