650 F.2d 1141
 81-2 USTC P 9572
 UNITED STATES of America, and Dennis P. McCarthy, Special
Agent Internal Revenue Service, Petitioners-Appellees,
v.
James F. FORD, Respondent,
Midwest Growers Cooperative, James Cardwell, Marvin Martin,
Coast Express, Inc., West Coast Systems and
Interstate Carriers, Inc., Movants-for
Intervention-Appellants.
 No. 79-3194.
 United States Court of Appeals,
Ninth Circuit.
 Argued Feb. 10, 1981.
Submitted March 3, 1981.
Decided July 17, 1981.
 
 1
 Edward O. C. Ord, San Francisco, Cal., for movants-for-intervention-appellants.
 
 
 2
 James F. Miller, Washington, D. C., argued, for petitioners-appellees; Gilbert E. Andrews, James F. Miller, Charles E. Brookhart, Washington, D. C., on brief.
 
 
 3
 Appeal from the United States District Court for the District of Nevada.
 
 
 4
 Before SNEED and ANDERSON, Circuit Judges, and TASHIMA,* District Judge.
 
 
 5
 TASHIMA, District Judge.
 
 
 6
 Appellants (collectively referred to as "Midwest Growers" or "appellants") have appealed from the district court's denial of their motion to intervene in a third-party Internal Revenue Service ("IRS") summons enforcement proceeding. The IRS issued the summons to James Ford, requiring him to produce handwriting exemplars and give testimony relating to the tax liability of Midwest Growers. When Ford refused to cooperate, the IRS filed its summons enforcement petition. Subsequently, Midwest Growers moved to intervene as parties defendant, pursuant to Rule 24(a), Fed.R.Civ.P. The motion to intervene was denied and this appeal followed.
 
 
 7
 However, developments in the underlying summons enforcement proceeding since this appeal was filed have altered the issues raised by this appeal. On March 28, 1980, after the trial court had found sufficient evidence of IRS "bad faith" or "improper purpose" in conducting the civil summons proceeding to grant respondent Ford discovery on those issues, the government filed a motion to voluntarily dismiss its petition. That motion was opposed by Ford on two grounds: (1) that the government might later issue a new summons to him; and (2) that a dismissal would cost him his opportunity to receive an award of attorney's fees. The district court granted the government's motion to dismiss, but with prejudice, on May 12, 1980; it also awarded Ford his attorney's fees and costs. On May 22, 1980, the government filed a "Motion for Reconsideration of Decision or Amendment of Order under Rule 52(b) or 59(e), Fed.R.Civ.P., or in the Alternative to Withdraw Petitioner's Motion to Dismiss." This motion was denied in all respects on October 15, 1980. The government has now appealed the award of attorney's fees, but has not appealed the denial of the motion to withdraw the motion to dismiss.
 
 
 8
 Based on the foregoing proceedings in the underlying action, on February 4, 1981, the government filed a suggestion of mootness of the present appeal. That suggestion was opposed by appellants at oral argument on the ground that the issue of their right to attorney's fees remained to be settled. We now address these two issues.
 
 Mootness
 
 9
 Because the underlying summons enforcement proceeding has been dismissed by the government, the district court's denial of appellants' motion to intervene has now become moot. Since there is no longer any action in which appellants can intervene, judicial consideration of the question would be fruitless. Cf. SEC v. Laird, 598 F.2d 1162, 1163 (9th Cir. 1979) (appeal of order compelling testimony became moot when testimony was voluntarily given); Lyons v. Johnson, 415 F.2d 540, 542 (9th Cir. 1969), cert. denied, 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970) (appeal from denial of earlier issued injunction became moot when action was dismissed for refusal to grant discovery); Ruby v. Pan Am World Airways, Inc., 360 F.2d 691 (2d Cir. 1966) (appeal from denial of preliminary injunction becomes moot when complaint is dismissed).
 
 
 10
 In opposing the suggestion of mootness, appellants rely on Church of Scientology v. United States, 485 F.2d 313 (9th Cir. 1973), contending that there is still a justiciable controversy because "under substantial authority the appellant cannot be deprived of a determination of the merits simply because the appellees want to take a 'walk' from the case and hide their misconduct." They argue that if the case is declared moot, they will not have an opportunity to litigate their claims of constitutional violations and IRS misconduct, and the government will be able to avoid civil discovery which may reveal further misconduct.
 
 
 11
 However, Church of Scientology, supra, is not on point. That case held that the district court properly denied a government motion to dismiss an action as moot after the plaintiff refused to accept the government's tender of an amount equal to that which the plaintiff would have received had it prevailed in its tax refund suit. The decision was based on the fact that the controversy over the Church's tax exempt status was an ongoing one and would recur every year, cf. United States v. W. T. Grant, 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) (voluntary cessation of allegedly illegal conduct moots case only where the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated), and that there were collateral consequences to the Church based on its indeterminate status, i. e., it was denied the right to certain postal rates and the right to solicit financial support on the basis that gifts would be tax deductible as religious contributions. Cf. Sibron v. New York, 392 U.S. 40, 53-55, 88 S.Ct. 1889, 1897-98, 20 L.Ed.2d 917 (1968) (completion of sentence will not moot appeal of criminal case if judgment of conviction may entail collateral consequences); Ginsberg v. New York, 390 U.S. 629, 633 n. 2, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968) (same, payment of fine and penalty).
 
 
 12
 From appellants' citation of Church of Scientology and their argument that they will be deprived of an opportunity to litigate their claims of constitutional violations and IRS misconduct, it is apparent that they misconceive the issue on this appeal and the relief which the Court can afford them. This is an appeal from the denial of appellants' motion to intervene, not an appeal of any order or judgment of the district court on the merits in the underlying action. Even if we were to conclude that the district court erred in denying appellants' motion to intervene, none of their claims could be adjudicated now that the summons enforcement proceeding has been dismissed. Since there is no proceeding in which appellants can intervene, this appeal is moot.
 
 Attorneys Fees
 
 13
 Appellants also argue that the question of attorney's fees prevents the intervention issue from becoming moot, since the resolution of the fee issue depends on a determination of whether the district court erred in denying them leave to intervene. They claim that in order to decide whether they are "prevailing parties" entitled to fees under 42 U.S.C. § 1988, this Court must decide the underlying issue. We do not agree.
 
 
 14
 Although a claim for attorney's fees does not preserve a case which otherwise has become moot on appeal, see Washington Market Co. v. District of Columbia, 137 U.S. 62, 11 S.Ct. 4, 34 L.Ed. 572 (1890), prior decisions of this Court have established that the question of attorney's fees is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction. Reiser v. Del Monte Properties Co., 605 F.2d 1135, 1140 (9th Cir. 1979); Schmidt v. Zazzara, 544 F.2d 412, 414 (9th Cir. 1976).[1] Therefore, we have jurisdiction to decide the only question before us: whether the appellants are "prevailing parties" under the relevant statute, 42 U.S.C. § 1988, which provides in part:
 
 
 15
 in any civil action or proceeding by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 16
 Although the ordinary procedure to be followed is to remand the case to the district court for a determination of the attorney's fees issue, see Doe v. Marshall, 622 F.2d 118, 119 (5th Cir. 1980), we believe that remand is not necessary in this case, since there is no factual issue to be resolved. In this case, Midwest Growers were never parties to the enforcement action, and since they lost their motion, they never prevailed as required by § 1988.
 
 
 17
 Moreover, there are additional considerations which suggest that an award of attorney's fees may not be proper in this case. In this Circuit, a taxpayer must be cast in the role of a defendant before he can recover attorney's fees. Klotz v. United States, 602 F.2d 920 (9th Cir. 1979). Thus, a taxpayer who petitions the Tax Court for relief from an excessive assessment and wins may not recover attorney's fees because he has not been a defendant in an action brought by the government. Kipperman v. C. I. R., 622 F.2d 431 (9th Cir. 1980). Similarly, in this case, appellants took the initiative in attempting to intervene in the enforcement proceedings against Ford. The purpose of § 1988 is to reimburse those who are sued by the government and made unwilling defendants, but who later prevail.[2]
 
 
 18
 We hold that § 1988 is not meant to reimburse volunteers for expenses incurred in aiding named parties or those who actively, but unsuccessfully, seek to become parties, for expenses incurred in their attempts to become parties. To the extent that appellants' contention that the appeal is not moot because mootness would deprive them of the opportunity to seek attorney's fees can be considered a request for attorney's fees, that request is denied.
 
 
 19
 The appeal has become moot and, therefore, is DISMISSED.
 
 
 
 *
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 It is implicit in these cases that the attorney's fees question is to be decided on the record as it exists in the underlying action, i. e., there is no right to review or redetermine any of the issues in the underlying action solely for the purpose of deciding the attorney's fees question
 
 
 [2]
 It is unnecessary to and we do not decide whether and, if so, to what extent a successful intervenor may recover attorney's fees under § 1988