133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nye COUNTY, Defendant-Appellee.
 No. 95-16599.
D.C. No. CV-95-00232-LDG
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 19, 1997.
 
 1
 Before SNEED, LEAVY, and TROTT Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 The Western Shoshone National Council ("Council") and Chief Raymond D. Yowell, Chief of the Council, appeal pro se the district court's denial of their Fed.R.Civ.P. 24(a) motion to intervene in a declaratory action brought by the United States against defendant Nye County, Nevada. The United States sought a declaratory judgment to, among other things, decree that it owned and had the authority to administer the National Forest System and unappropriated public lands located within Nye County, Nevada.
 
 
 4
 We dismiss the appeal for lack of appellate jurisdiction. See Duffy v. Riveland, 98 F.3d 447, 453 (9th Cir.1996) (stating that this court has an independent obligation to consider its jurisdiction sua sponte). We conclude that the settlement of the underlaying action, executed by the United States, Nye County, and the State of Nevada[1] during the pendency of this appeal, has rendered the appeal moot. See United States v. Ford, 650 F.2d 1141, 1142-43 (9th Cir.1981). Accordingly, we dismiss the instant appeal for lack of jurisdiction. See id. at 1144.
 
 DISMISSED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Following the denial of appellants' motion to intervene, the district court granted the United States' motion to join the State of Nevada as a defendant in the underlying action
 
 
 [2]
 Because we dismiss the appeal for lack of appellate jurisdiction, we need not address whether Chief Yowell may properly represent the Council in this appeal