Aja **TERMINE**, by and through her Guardian ad Litem Karen **TERMINE;** et al., Plaintiffs–Appellees,

v.

**WILLIAM S. HART UNION HIGH SCHOOL DISTRICT,** Defendant–Appellant,

and

**Westmark School, Defendant.**

Aja Termine, by and through her Guardian ad Litem Karen Termine; et al., Plaintiffs–Appellants,

v.

**William S. Hart Union High School District, Defendant–Appellee,**

and

**Westmark School, Defendant.**

William S. Hart Union High School District, Plaintiff–counter–defendant–Appellant,

v.

Aja Termine, an individual;  et al., Defendants-counter-claimants Appellees,

and

Marty Lieberman, individually and in his capacity as Director of Special Education for the William S. Hart Union High School District, Counter-defendant.

Nos. 05–56062, 05–56121, 05–56733.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2007.

Filed Sept. 28, 2007.

Steven M. Wyner, Esq., Marcy J.K. Tiffany, Esq., Wyner & Tiffany, Torrance, CA, for Plaintiffs–Appellees.

Littler & Mendelson, PC, Los Angeles, CA, Harold Gutenberg, Esq., Greenberg & Bass, Encino, CA, for Defendant–Appellant.

Gary R. Gibeaut, Esq., Gibeaut Mahan & Briscoe, Los Angeles, CA, for Counter-defendant.

Before: RYMER, WARDLAW, and M. SMITH, Circuit Judges.

MEMORANDUM *

William S. Hart Union High School District ("Hart") appeals the district court's judgment affirming in part and reversing in part the July 2003 decision of the Special Education Hearing Office ("SEHO"). The district court found that Hart failed to properly implement Aja Termine's individualized education program ("IEP") upon her enrollment in October 2001 and denied Aja a free and public education ("FAPE") for all periods between October 3, 2001

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and July 3, 2002. Hart also appeals the district court's dismissal as moot of Hart's complaint against the Termines as to the separate January 2004 SEHO decision. The Termines cross-appeal the district court's judgment, contending that it should have designated Westmark School ("Westmark") as Aja's stay put placement. We affirm the district court.

The Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, defines a FAPE, in part, as "special education and related services that . . . are provided in conformity with the [IEP]." 20 U.S.C. § 1401(8)(D) (2001–02). The IDEA provides parents of a child with a disability the "opportunity to present complaints with respect to any matter relating to . . . the provision of a [FAPE] to such child." *Id.* § 1415(b)(6).

■ We review the district court's decision de novo. *See Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1310 (9th Cir. 1987). The district court did not err in finding that Hart failed to properly implement Aja's Glendale IEP upon her enrollment in October 2001, or that Hart failed to provide Aja with a FAPE for each of the three contested periods: (1) October 3–18, 2001; (2) October 18–November 2, 2001; and (3) November 2, 2001–July 3, 2002. As to the first period, upon Aja's transfer, Hart was required to *"immediately* provide[ ] an interim placement [for Aja] for a period not to exceed 30 days." Cal. Educ.Code § 56325(a) (2001) (emphasis added). Because Hart did not even make an interim placement offer to Aja until October 18, 2001, it denied Aja a FAPE for the first period.

■ As to the period between October 18, 2001 and November 2, 2001, Aja's interim placement offer was not "in conformity with . . . . [her] existing [IEP], implemented to the extent possible within existing resources," *id.* Despite Hart's ability to place Aja in Westmark, as evidenced by its then existing contracts with the school, Hart's proposed interim placement provided that Aja spend 32 percent of her time in general education, even though her Glendale IEP provided that Aja spend no time in general education. *See Ms. S. ex rel G. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1134 (9th Cir.2003); *Knight v. Dist. of Columbia*, 877 F.2d 1025, 1028 (D.C.Cir.1989). Thus, Hart materially failed to implement Aja's Glendale IEP and denied her a FAPE, in violation of the IDEA. *See Van Duyn v. Baker Sch. Dist.*, 502 F.3d 811, 822 (9th Cir.2007) (holding that "a *material* failure to implement an IEP violates the IDEA").

■ As to the third period, Hart was required, but failed, to conduct an IEP meeting and make a final placement offer to Aja. *See* Cal. Educ.Code § 56325(b). Hart was under this obligation whether or not Aja's mother chose to participate. *See id.* §§ 56325(b), 56341.5(g). Thus, Hart failed to properly implement Aja's Glendale IEP and denied her a FAPE from November 2, 2001 to July 3, 2002 as well.

■ Nor did the district court err by requiring Hart to reimburse Aja for a portion of her Westmark tuition from October 3, 2001 through July 3, 2002. "[A] court . . . may require [a school district] to reimburse [private education expenses] if the court . . . finds that the [school district] had not made FAPE available to the child in a timely manner . . . and that the private placement is appropriate." 34 C.F.R. § 300.403(c) (2001); *see also Sch. Comm. of the Town of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369–70, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985); *Longview Sch. Dist.*, 811 F.2d at 1315. Reimbursement may be denied or reduced if the court finds that a parent acted unreasonably. 34 C.F.R. § 300.403(d)(3). Because

Hart denied Aja a FAPE for each of the three contested periods; because placement was appropriate at Westmark; and because Aja's mother was uncooperative to the point where she contributed to the delay in Aja's assessment and the delay and ultimate failure to hold an IEP meeting, we affirm the district court's conclusion that Hart reimburse Aja for only half of her expenses.

█ The district court properly declined to specifically designate Westmark as Aja's stay put placement, *see* 20 U.S.C. § 1415(j) (2001–02), during the period from October 3, 2001 to July 3, 2002. Although Westmark was an appropriate placement, it was not the only interim placement that would have satisfied California Education Code section 56325(a) and served as an appropriate stay put. *See Vashon Island Sch. Dist.*, 337 F.3d at 1133–34.

█ Finally, the district court did not err in granting the Termines's motion to dismiss as moot Hart's appeal of SEHO's January 2004 decision. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (internal quotation marks and alteration omitted)). Hart repeatedly admitted that Westmark was the appropriate stay put placement for the 2002–2003 school year, and that it would continue to fund Aja's placement at Westmark. Thus, despite Hart's assertions to the contrary, the issue of financial responsibility for Westmark from July 3, 2002, the date of the first SEHO decision, to January 29, 2004, when the SEHO issued its second decision, is moot. That the attorney's fees issue was

still outstanding is insufficient to keep the district court from finding Hart's claims moot. *United States v. Ford*, 650 F.2d 1141, 1143–44 (9th Cir.1981).

**AFFIRMED.**