MEMORANDUM *
John Silk appealed the district court’s dismissal of his action against Metropolitan Life Insurance Company (“MetLife”), et al. for recovery of long term disability (“LTD”) benefits under his employer’s Verizon Wireless Managed Disability Plan (the “Plan”). The Plan is funded by Met-Life and governed by the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. §§ 1001 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]
Silk filed his lawsuit in the district court on December 2, 2004, alleging that Met-Life’s failure to act on his claims for LTD benefits violated ERISA. MetLife filed an answer to the complaint, and asserted Silk had failed to exhaust his administrative remedies, but eventually agreed to consider Silk’s claims for LTD benefits.
We recently clarified in Vaught v. Scottsdale Healthcare Corp. Health Plan, that the requirement that a participant exhaust internal remedies, as set forth in Amato v. Bernard, 618 F.2d 559, 567 (9th Cir.1980), is not jurisdictional. Vaught, 546 F.3d 620, 627 n. 2 (9th Cir.2008) (“Because Bowles [v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ] super-cedes our prior decisions, we must clarify that the exhaustion requirement set forth in Amato is not a jurisdictional requirement”). Also, in Abatie v. Alta Health & Life Ins. Co., we noted that the “ERISA statutes do not require exhaustion of administrative remedies before a claimant can bring an action in court.” 458 F.3d 955, 961 n. 2 (9th Cir.2006) (en banc). We concluded that:
Exhaustion is not an issue here, because both parties agreed to supplement the administrative record to give Alta a second chance to review the evidence and to make a new final determination about Plaintiffs claim for benefit.
Id. Similarly, in this case, MetLife agreed “to make a new final determination” of Silk’s claims for LTD benefits after Silk filed this action. Accordingly, we conclude that the district court had jurisdiction to consider Silk’s claims for relief under ERISA.
After MetLife had paid Silk’s claim for “own occupation” LTD benefits and had agreed to consider Silk’s claim for “any occupation” LTD benefits, MetLife filed a motion to dismiss. MetLife asserted that, as a result of these actions, Silk’s claim for “own occupation” LTD benefits was moot and his claim for “any occupation” LTD benefits was premature because he had not exhausted his ongoing administrative remedies. The district court agreed and dismissed Silk’s law suit.
We agree with the district court that MetLife’s payment of “own occupation” LTD benefits to Silk moots his claim to such benefits. We need not decide whether the district court’s determination that Silk’s claim for “any occupation” LTD benefits was premature because MetLife subsequent administrative review of this claim renders the question moot. The conclusion of MetLife’s administrative review may negate the need for further judicial *140 review. If not, Silk has the right to file a new action. See Amato, 618 F.2d at 568 (“a primary reason for the exhaustion requirement, here as elsewhere, is that prior fully considered actions by pension plan trustees interpreting their plans and perhaps also further refining and defining the problem in given cases, may well assist the courts when they are called upon to resolve the controversies”).
Although post-filing developments led to the dismissal of Silk’s action, the district court, nonetheless, had jurisdiction to award attorneys fees. See. 29 U.S.C. § 1132(g)(1) (ERISA provides that “[i]n any action ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney’s fee and costs of action to either party”); See also Carbonell v. INS, 429 F.3d 894, 899 (9th Cir.2005) (“we have recognized that litigants who achieve relief other than a judgment on the merits or a consent decree are prevailing parties”); United States v. Ford, 650 F.2d 1141, 1143-44 (9th Cir.1981) (explaining that although a claim for attorney’s fees does not preserve a case which otherwise has become moot on appeal, the question of attorney’s fees is ancillary to the underlying action and survives independently under the court’s equitable jurisdiction).
Here, although Silk included a request for attorney’s fees in his complaint, he did not file a separate motion for attorney’s fees or otherwise alert the district court when it was considering the parties’ dispositive motions that he sought attorneys fees even if the court were to dismiss his action.[2] Moreover, the district court requires that any motion or application for attorney’s fees be served and filed within fourteen (14) days after entry of the final judgment. C.D. Cal. R. 54-12. The district court also requires that a bill of costs be filed with the Clerk within fifteen (15) days after entry of judgment. C.D. Cal. R. 54-3. Silk failed to file such a motion or bill of costs. Thus, although the district court could have awarded Silk’s attorney’s fees, we determine that Silk waived his right to request attorney’s fees and costs by failure to specifically request such fees from the district court in the first instance.
The district court’s dismissal of Silk’s action is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

. Silk did indicate that he would seek attorney's fees if he prevailed on his motion for summary judgment, but this did not constitute an assertion that he was entitled to attorney’s fees even if his motion for summary judgment was not granted.