**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HOUSTON GENERAL INSURANCE
COMPANY,
Plaintiff-Appellee,

v.

CLIFFORD MOORE, SR., d/b/a Pro-
Tech Termite & Pest Control;
ESTATE OF CLIFFORD MOORE, SR.;                    No. 97-1967
CLIFFORD THOMAS MOORE, JR.,
Defendants,

v.

BEAUMONT TOWNHOMES, LIMITED
PARTNERSHIP,
Movant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
William B. Traxler, Jr., District Judge.
(CA-96-3757-2-21)

Argued: March 5, 1998

Decided: October 19, 1999

Before WILKINSON, Chief Judge, and WIDENER
and NIEMEYER, Circuit Judges.

_____

Affirmed by published opinion. Judge Widener wrote the opinion, in
which Chief Judge Wilkinson and Judge Niemeyer concurred.

_____

**COUNSEL**

**ARGUED:** H. Brewton Hagood, ROSEN, ROSEN & HAGOOD, P.A., Charleston, South Carolina, for Appellant. Stephen Lynwood Brown, YOUNG, CLEMENT, RIVERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellee. **ON BRIEF:** Daniel F. Blanchard, III, ROSEN, ROSEN & HAGOOD, P.A., Charleston, South Carolina, for Appellant. Stephen P. Groves, Sr., Edward D. Buckley, Jr., Duke R. Highfield, YOUNG, CLEMENT, RIVERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellee.

---

**OPINION**

WIDENER, Circuit Judge:

Pursuant to Fed. R. Civ. P. 24(a)(2),**1** Beaumont Townhomes, Limited Partnership (Beaumont) moved to intervene as of right in a declaratory judgment action brought in district court by Houston General Insurance Company (Houston General) against Pro-Tech Termite & Pest Control Company (Pro-Tech), the Estate of Clifford Moore, Sr., and Clifford Thomas Moore, Jr. Beaumont also sought to set aside the underlying default judgment pursuant to Fed. R. Civ. Proc. 60(b). The district court denied Beaumont's motion to intervene, thus rendering the motion to vacate the underlying judgment moot. Denial of these motions is the sole issue on appeal, and we affirm.

I.

On August 10, 1993, Houston General issued a commercial liabil-

---

**1** Fed. R. Civ. P. 24(a) provides in pertinent part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

2

ity insurance policy to Pro-Tech, a defendant in the underlying action. The policy was effective for 12 months. On August 10, 1994, the policy was renewed with identical coverage, but the renewed policy changed the named insured from Pro-Tech to "Pro-Tech Termite and Pest Control/Clifford Moore, Sr. d/b/a/." Moore Sr. passed away in January 1995, and the policy lapsed for nonpayment of premiums.

Moore Jr. then assumed control of Pro-Tech and continued to operate the business under his father's name. Moore Jr. renewed the policy on March 11, 1995, but kept the named insured the same as in the August 1994 policy. While operating Pro-Tech under his father's name, Moore Jr. issued numerous termite letters to customers indicating that he had rid their property of pests, specifically termites. As a result of these termite letters, Houston General received several claims against Pro-Tech and Moore Jr., including Beaumont's claim. During the investigation of these claims, Houston General discovered that Moore Jr. had been operating Pro-Tech under his deceased father's name. Moore Jr. had not provided this information to Houston General. Thus, Houston General advised Moore Jr. that it would assert various defenses against the customers' claims. Houston General also filed a declaratory judgment action in federal district court, seeking a declaration that it would not be liable for the customers' claims. The defendants named in the suit were Pro-Tech, Moore Sr.'s estate, and Moore Jr. After none of the defendants answered the complaint, the district court entered a default judgment in favor of Houston General on February 12, 1997. Although not legally significant to this decision, we take note of the fact that Houston General did not make Beaumont a party to the declaratory judgment action even though it was aware of Beaumont's claims against the defendants.

II.

Applicants to intervene as of right must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation. Fed. R. Civ. Proc. 24(a); Newport News Ship-

3

building & Drydock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 120 (4th Cir. 1981).

As timeliness is a "cardinal consideration" of whether to permit intervention, we first consider the timeliness of Beaumont's motion to intervene. Brink v. DaLesio, 667 F.2d 420, 428 (4th Cir. 1981). The determination of timeliness is committed to the discretion of the district court and will not be disturbed on appeal except for an abuse of that discretion. NAACP v. New York, 413 U.S. 345, 365-66 (1973); Gould v. Alleco, Inc., 883 F.2d 281, 284-86 (4th Cir. 1989), cert. denied, 493 U.S. 1058 (1990).

Beaumont filed its motion to intervene on April 17, 1997, more than two months after the district court entered the Final Order of Judgment for plaintiffs on February 16, 1997. Pursuant to 28 U.S.C. § 1291 and Fed. R. App. P. 4, the time for appeal had expired by this date.[2] Although entry of final judgment is not an absolute bar to filing a motion to intervene, the authorities note that:"There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant." 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1916, at 444-45 (West 1986) (footnotes omitted).

Moreover, it is well-settled law that "intervention presupposes pendency of an action in a court of competent jurisdiction." Black v. Central Motor Lines, Inc., 500 F.2d 407, 408 (4th Cir. 1974); see also Fuller v. Volk, 351 F.2d 323, 328 (3d Cir. 1965) (stating that intervention is ancillary to the underlying cause of action and "will not be permitted to breathe life into a `nonexistent' lawsuit"); Kendrick v. Kendrick, 16 F.2d 744, 745 (5th Cir. 1926) (explaining that an existing lawsuit within the court's jurisdiction is a prerequisite of intervention), cert. denied, 273 U.S. 758 (1927); 7C Wright, Miller & Kane § 1916, at 457-58. In the present case, the time for appeal expired 30 days after the order of final judgment was entered on February 16, 1997. When Beaumont filed its motion to intervene more than 60

_____

**2** Pursuant to 28 U.S.C. § 1291, the courts of appeals have jurisdiction over appeals from final orders of district courts. Appeals in civil cases must be filed within 30 days after the district court's entry of an order of final judgment. Fed. R. Civ. Proc. 4(a)(1).

days after the entry of final judgment, there was no pending litigation in which Beaumont could intervene. Therefore, the motion was untimely under this circuit's decision in Black . 500 F.2d at 408 (holding that intervention is untimely when the time for appeal has run). Because we conclude that Beaumont failed to make a timely application to intervene, we need not address whether it meets the other requirements of Rule 24(a)(2).

III.

Based on our review of the record, we are of opinion that Beaumont's motion to intervene was untimely. Therefore, the district court did not abuse its discretion in denying Beaumont's motions to intervene and to set aside a final judgment. Accordingly, the judgment of the district court is

AFFIRMED.

5