# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: MARK S. CORNEAL,
                              *Debtor.*

MARTHA WELTON HARRIMAN,
            *Party in Interest-Appellant,*

                v.                                    No. 01-2335

BRIAN A. GOLDMAN, Chapter 7
Trustee for the Bankruptcy Estate of
Mark S. Corneal,
                  *Trustee-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CA-00-3536-JFM, CA-01-504-WMN, BK-99-55797, AP-99-5765)

Submitted: October 1, 2002

Decided: December 13, 2002

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Alfred Lawrence Toombs, GREENBELT PROFESSIONAL CEN-
TER, Greenbelt, Maryland, for Appellant. Gerard R. Vetter, GOLD-
MAN & VETTER, P.A., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Martha Welton Harriman appeals a district court order dismissing as moot her consolidated appeals of bankruptcy court orders relating to a stock sale. Finding no error, we affirm.

I.

Mark S. Corneal filed for Chapter 7 bankruptcy protection on April 29, 1999. The trustee of his estate, Brian A. Goldman, filed an adversary complaint seeking to avoid a prepetition transfer of stock in Old Island Hotel, Inc. ("Old Island") from Corneal to an entity known as "Preservation Trust." On February 2, 2000, the bankruptcy court granted Goldman's motion for default judgment; and, on April 20, 2000, the court ordered that Old Island cancel the stock certificate previously issued to Preservation Trust and issue a new certificate to Goldman ("the avoidance orders").

On November 21, 2000, in the related bankruptcy proceeding, the bankruptcy court granted Goldman's motion to sell the Old Island stock to Old Island free and clear of all liens ("the sale order"). The court stayed its order until December 1, 2000.

On November 29, 2000, Harriman moved to intervene in the adversary proceeding, moved for relief from the avoidance orders, and filed an emergency motion to stay the sale order. Harriman contended that she held a security interest in the stock based on a 1998 agreement with Preservation Trust.

The bankruptcy court denied the emergency motion to stay on November 30, 2000, holding that Harriman had no right to challenge the sale order because the transfer of the stock to Preservation Trust had been avoided. That same day, Harriman appealed the sale order

and the denial of her emergency stay motion. Harriman also moved to stay the sale order pending appeal, but the bankruptcy court denied that motion on December 1, 2000. In addition, Harriman moved unsuccessfully in the district court to stay the sale order. On December 2, 2000, Goldman sold the stock to Old Island.

On January 3, 2001, the bankruptcy court denied as untimely Harriman's motion to intervene in the adversary proceeding and denied as moot her motion to set aside the sale order, *see* Fed. R. Civ. P. 60(b). Harriman subsequently appealed these rulings, and the district court consolidated these appeals with Harriman's other appeals.

Goldman moved to dismiss the consolidated appeals as moot on the ground that unless a sale is stayed pending appeal, the appeal of an order authorizing a bankruptcy trustee's sale of estate property does not affect the validity of a sale to a good faith purchaser. *See* 11 U.S.C.A. § 363(m) (West 1993). Harriman argued that § 363(m) was inapplicable since she had been denied proper notice of the sale. The district court concluded, however, that Harriman had not been entitled to notice because the avoidance of the stock transfer to Preservation Trust had terminated her interest in the stock. And, although Harriman had sought to intervene in the adversary proceeding, the district court concluded the bankruptcy court was within its discretion in denying the motion as untimely because the time for appealing the adversary proceeding had already expired. *See Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999).

Harriman also argued to the district court that § 363(m) did not moot her challenge to Old Island's good faith. However, § 363(m) aside, the district court concluded that Harriman had no standing to challenge the sale because the transfer to Preservation Trust had been avoided and Harriman's motion to intervene in the adversary proceeding had been properly denied as untimely.

## II.

Harriman contends that the district court erred in dismissing her consolidated appeals as moot. Having reviewed the parties' briefs, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. *See*

*Harriman v. Goldman (In re Corneal)*, No. JFM-00-3536 (D. Md. July 20, 2001).

*AFFIRMED*